IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-2121-M

| | |
|---|---|
| RICHARD TOLBERT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN T. SCARANTINO, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) [D.E. 11]. Also before the court is petitioner's motion for an evidentiary hearing [D.E. 18]. As explained below, the court grants respondent's motion to dismiss and denies as moot petitioner's motion for an evidentiary hearing.

**STATEMENT OF THE CASE**

On June 24, 2024, Richard Tolbert ("Tolbert" or "petitioner"), a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On October 18, 2024, the court conducted its preliminary review pursuant to 28 U.S.C. § 2243 and allowed the action to proceed [D.E. 8].

On November 7, 2024, respondent moved to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 6 [D.E. 11] and filed a memorandum in support [D.E. 12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Tolbert about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 13]. On January 2, 2025, Tolbert responded in opposition [D.E. 17]. Tolbert moves for an evidentiary hearing [D.E. 18].

## BACKGROUND

On February 11, 2020, in the United States District Court for the Eastern District of Wisconsin, Tolbert pleaded guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, and Eight), and two counts of brandishing a firearm while committing a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Five and Nine). See United States v. Tolbert, No. 2:19-cr-236-JPS-2, [D.E. 25] (E.D. Wis. Feb. 11, 2020); Pet. [D.E. 1] 1; Doc. Supp. Pet. [D.E. 1-2] 1–7. On July 12, 2021, Tolbert was sentenced to one day of imprisonment for Counts Two, Four, and Eight, to be served concurrently, and 84 months' imprisonment for Counts Five and Nine, to run consecutively, for a total term of 168 months and one day of imprisonment. See Tolbert, No. 2:19-cr-236-JPS-2, [D.E. 57]; [D.E. 1-2] 1–7.

In his section 2241 petition, Tolbert contends before the First Step Act, "a second or subsequent count of conviction under Section 924(c) triggered a higher mandatory minimum penalty, as well as mandatory 'stacking' of these sentences for each count of conviction." [D.E. 1-1] 2. Tolbert contends "[t]he First Step Act revised Section 924(c)(1)(C) by providing that the higher penalty for a 'second or subsequent count of conviction' under Section 924(c) is triggered only if the defendant has prior section 924(c) conviction that has become final." Id. Tolbert challenges his sentence under the First Step Act because he "was Sentenced to two 924(c) cases in one single indictment and he was consequently sentenced to a consecutive sentence." Id. at 2. Tolbert contends his claim falls within the scope of the saving clause because it "relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive section 2255 motion." Id. Tolbert further contends he "could not have invoked the decision in his first section 2255 motion and the decision applies retroactively." Id. Tolbert asks the court to reduce his sentence. See id. at 3.

## DISCUSSION

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See Evans, 166 F.3d at 647. A court should grant a motion to dismiss pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to [judgment] as a matter of law." Id. (quotation omitted).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must view the facts and reasonable inferences "in the light most favorable to the [nonmoving party]."

Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [the] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court cannot consider a section 2241 motion challenging the legality of Tolbert's conviction or sentence unless "[a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the saving clause"); see Jones v. Hendrix, 599 U.S. 465, 474 (2023). The court must interpret the saving clause "narrowly." Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 569 (4th Cir. 2021) (cleaned up); see Jones, 599 U.S. at 477; Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022). If a section 2241 petition does not fall within the

4

scope of the saving clause, the court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Jones, 599 U.S. at 480.

Tolbert has not filed a section 2255 motion in the sentencing court, and he fails to present "unusual circumstances in which it is impossible or impracticable for [Tolbert] to seek relief from the sentencing court." Jones, 599 U.S. at 474; see Tolbert, No. 2:19-cr-236-JPS-2; Roberts v. Dobbs, No. 21-7651, 2022 WL 2914007, at *1 (4th Cir. 2022) (per curiam) (unpublished); Valentine v. Tarrentino, No. 5:23-HC-02054-M, 2023 WL 8037121, at *2 (E.D.N.C. Nov. 20, 2023) (unpublished); Cobble v. Warden Edgefield Fed. Corr. Inst., No. 6:23-cv-04039-DCN-KFM, 2023 WL 12086715, at *4 (D.S.C. Sept. 14, 2023) (unpublished), report and recommendation adopted, 2024 WL 5693179 (D.S.C. Jan. 4, 2024) (unpublished), aff'd, 2024 WL 1636514 (4th Cir. 2024) (per curiam) (unpublished).

To the extent Tolbert cites United States v. Davis, 588 U.S. 445 (2019) and Deal v. United States, 508 U.S. 129 (1993), these cases predate his sentence. Additionally, the decision in Davis "only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in [Tolbert's] sentence." Manns v. Hudgins, No. 3:22-CV-2 (GROH), 2022 WL 18670291, at *8 (N.D. W.Va. Oct. 4, 2022) (unpublished), report and recommendation adopted, 2023 WL 1867457 (N.D. W.Va. Feb. 9, 2023) (unpublished); cf. [D.E. 1-2] 1–7. Likewise, Tolbert's reliance on the First Step Act is misplaced because "defendants sentenced for two § 924(c)(1)(A)(ii) offences face a mandatory minimum 14-year sentence (seven years for each offense)." United States v. Carter, No. 3:13cr4, 2022 WL 2717624, at *2 (E.D. Va. July 13, 2022) (unpublished); cf. [D.E. 1-2] 1–7. Thus, the court grants respondent's motion to dismiss.

5

## CONCLUSION

In sum, the court GRANTS respondent's motion to dismiss [D.E. 11], DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], and DENIES AS MOOT petitioner's motion for an evidentiary hearing [D.E. 18]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED this 20th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE